IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Criminal Action No.: 1:15-cr-550-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Bradley Dale Mason, | ) |
| | ) |
| Defendant. | ) |

Defendant Bradley Dale Mason ("Mason") is a prisoner currently serving a sentence of ninety-eight (98) months in the Federal Bureau of Prisons ("BOP"). (ECF No. 126 at 2.)

This matter is before the court on Mason's letter construed as a *pro se* Motion for Compassionate Release (ECF No. 204) under 18 U.S.C. § 3582(c)(1)(A).[1] Specifically, Mason requests the court to reduce his sentence due to the ongoing COVID-19 pandemic and his alleged diagnosis of insulin dependent diabetes and high blood pressure. (ECF No. 204 at 1.) For the reasons stated below, the court **DENIES** Mason's Motion for Compassionate Release (ECF No. 204) without prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2015, the Grand Jury named Mason in an Indictment (ECF No. 1) containing three (3) counts, but only named Mason in the following two (2) counts:

(1) That from in or around January 2013, through the date of this Indictment, in the District of South Carolina and elsewhere . . . **BRADLEY DALE MASON** [and another named Defendant][2] knowingly and intentionally did combine, conspire, confederate and agree and have a tacit understanding with each other and with others, both known and unknown to the Grand Jury, unlawfully to possess with intent to distribute, and to distribute, oxycodone, a Schedule II

---

[1] Motions under this section are called Motions for Compassionate Release. *See United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020).

[2] The other named Defendant was Vanessa Elise Dahan. (ECF No. 1.)

1

    controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);
        All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

. . .

(2) That on or about February 13, 2015, in the District of South Carolina . . . **BRADLEY DALE MASON** . . . and others both known and unknown to the Grand Jury, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of oxycodone, a Schedule II controlled substance;
    In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

(ECF No. 1.)

On August 27, 2015, Mason pleaded not guilty to these charges. (ECF No. 18.) On March 24, 2016, a Plea Agreement was made between the United States and Mason, whereby "[t]he Defendant [Mason] agree[d] to plead guilty to Count One of the Indictment [then] pending, which charge[d] "Conspiracy to Commit a Title 21 Offense," a violation of Title 21, United States Code, Section 846." (ECF No. 94.)

On April 21, 2016, the court accepted Mason's Guilty Plea and sentenced him, on February 8, 2017, to ninety-eight (98) months of imprisonment and, upon release from imprisonment, supervised release for a term of three (3) years. (ECF Nos. 94 and 126.) On March 11, 2020, during Mason's imprisonment, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. On March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his Motion filed on July 10, 2020, Mason urges the court to grant his release and reduce his sentence to home confinement. (ECF No. 204.) Mason argues that the court should grant him compassionate release because he is "at risk of contracting, and experiencing serious complications

from, COVID-19 if he remains housed in the [BOP] " and he "continues to suffer from problems associated to his diagnosis of insulin dependent diabetes and high blood pressure . . . ." (*Id.*)

## II. LEGAL STANDARD

The district court is free to modify a term of imprisonment upon motion by the defendant after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or thirty (30) days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). If the defendant has met the exhaustion requirement, the court may

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unnerved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *see also United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020). The courts have been given authority to waive the exhaustion requirements at their discretion due to COVID-19, however the court can still deny the defendant's request for release. *See Poulios*, 2020 WL 1922775, at *1. As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III.    ANALYSIS

The BOP requires proper exhaustion of its administrative remedies and the process is as follows: (1) file the request with the BOP; (2) receive approval or denial from the warden of the facility; (3) if the request is denied, submit an appeal to the BOP; then (4) file a motion for release with the court.³ Mason contends that since he only has "30 months remaining on his sentence pursuing administrative process would be a futile endeavor; and he is unlikely to receive a final decision from the BOP." (ECF No. 204 at 2.)

A district court can waive the exhaustion requirement if "the relief sought would be futile upon exhaustion." Given that Mason has thirty (30) months left on his sentence and the BOP is required to respond in thirty (30) days, the court finds that it does not possess authority to grant relief under § 3582(c)(1)(A) because Mason has failed to exhaust his administrative remedies. *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Cohen*, No. 1:18-cr-602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020) (finding that the defendant was "manifestly ineligible for compassionate release and ha[d] not exhausted his administrative remedies"); *United States v. Hernandez*, No. 19-cr-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).

Furthermore, even if the court were to waive the exhaustion requirement, the court is still not inclined to grant Mason's request. A defendant must bear the burden of proof before a court can grant a compassionate release motion. *United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). In his Motion, Mason contends that his alleged medical conditions warrant a sentence reduction because the COVID-19 pandemic provides for "extraordinary and compelling

---

³ *See Administrative Remedy Program*, https://www.bop.gov/policy/progstat/1330_018.pdf (last visited Aug. 19, 2020).

reasons." *E.g., United States v. Salvagno*, No. 5:02-cr-51, 2020 WL 3410601 (S.D.N.Y. Apr. 23, 2020). While the ongoing COVID-19 pandemic causes persons with severe illnesses to be at a higher risk of being infected with COVID-19, and such risk could be denied, is extraordinary and compelling, Mason has not provided any proof of his alleged medical conditions that would warrant his release. Therefore, the court finds that Mason has not met his burden of providing extraordinary and compelling reasons to warrant compassionate release.

## IV.     CONCLUSION

Based on the above, the court **DENIES** Mason's Motion for Compassionate Release (ECF No. 204) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 24, 2020
Columbia, South Carolina